LONG, Judge.
The appellant, Herman Potter, Jr., appeals from the summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., which attacked his 1994 guilty plea conviction for unlawful possession of a controlled substance and his resulting sentence of 10 years’ imprisonment. The appellant did not appeal from his conviction.[1]
In his petition, the appellant alleged that his guilty plea was unlawfully induced or was not made voluntarily based on the advice he received from trial counsel and that his trial counsel was ineffective for (a) withholding from him certain vital evidence supporting his innocence, (b) failing to interview various key witnesses who could have testified as to his innocence, and (e) advising him that if he entered a plea of guilty, he would not be incarcerated but would instead be sentenced to a drug rehabilitation program. The appellant claimed that but for his counsel’s ineffective performance, he would not have pleaded guilty.
Without an evidentiary hearing, the trial court denied the appellant’s petition in the following order:
“Upon reviewing the guilty plea with the Court Reporter, the Court finds that Petitioner’s guilty plea was given voluntarily and that the Court fully informed him of the charges, range of punishment and the rights he was waiving by entering a plea.
“Therefore, the Rule 32 Petition is denied.”
(C. 32.)
The trial court’s order did not specifically address the appellant’s claims of ineffective assistance of counsel, and we are unable to ascertain from the record the basis of the trial court’s denial of those claims. Accord *1140 ingly, this case is remanded to the trial court in order for that court to examine the merits of the appellant’s claims of ineffective assistance of counsel. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary. Should the trial court deny the appellant’s claims, the trial court should state its reasons for doing so in a written order. A return should be filed with this court within 56 days after the release of this opinion.
REMANDED WITH DIRECTIONS. 
All Judges concur.

. The appellant's failure to correctly answer the questions contained on the form accompanying the Rule 32 petition has understandably created some confusion on the part of the state in its attempts to address the issues raised by the appellant. Although the appellant states in his petition that he filed a direct appeal from the conviction at issue here and that this court affirmed the conviction on August 19, 1994, a review of this court’s records indicates that the appellant actually appealed from another conviction for unlawful possession of a controlled substance (CC-93-1002), which resulted in a five-year prison sentence, and that it was that conviction that this court affirmed on August 19, 1994. See CR-93-1234 (unpublished memorandum). There is no evidence that the appellant filed a direct appeal from the conviction that he attacks in the present Rule 32 petition (CC-93-1151).